UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PRICE,<br>Plaintiff,<br>v.<br>HR TRANSPORTATION, LLC, *et al.*,<br>Defendants. | Case No. 2:26-cv-1835-JDP<br><br>ORDER |

After his son died in a vehicle accident, plaintiff James Price filed a wrongful death suit in Nevada County Superior Court against defendants HR Transportation, LLC; Less Stress Transport, LLC; First American Petroleum, LLC; and the Estate of Jonathan Nemedez. After removing this action, First American Petroleum ("FAP") filed a motion to dismiss the complaint. For the reasons stated below, FAP's motion will be granted with leave to amend.

**Background**

Plaintiff's complaint as filed in state court contains only the following three paragraphs of factual allegations:

> On November 26, 2025 in the unincorporated area of Nevada County, Jonathan Nemedez while in the employment of Defendant Less Stress Transport, LLC, HR Transport, and driving for the benefit of First American Petroleum, so negligently owned, operated, maintained and drove the tanker truck to which he was assigned, so as to cause it to collide with the vehicle driven by

> Plaintiff herein. Plaintiff is informed and believes the Defendant Driver Nemedez, while working for Less Stress Transport, HR Transport and for the benefit of First American Petroleum, was Driving Under the Influence of an intoxicating substance; to wit, cocaine, at the time of the collision.
>
> Specifically, Defendant Nemedez caused the accident by driving negligently, crossing over the center divide line and striking the truck being driven by decedent Walker Price, decedent son of James Price.
>
> As a result of Defendant Less Stress Transport, Shawnee Wells, Robert Wells, Christopher Robotham, Managing Members, HR Leasing, First American Petroleum and Does 1-50, inclusive, Walker Price was killed when the Plaintiffs' tanker truck struck him on the opposite side of the highway divider. At the time Nemedez was driving for the Defendants, they knew he had previously been involved in violations for inattentive driving, driving without due care and driving off route without authorization, all leading to his separation from his employment from Federal Express. Nemedez had also been previously convicted of Assault with a Deadly Weapon and was a known drug abuser.

ECF No. 1-2 at 7.

**Procedural History**

In April 2026, plaintiff filed suit in Nevada County Superior Court.[1] ECF No. 1-2 at 3. FAP subsequently removed this action in May 2026. ECF No. 1. Defendants HR Transportation and Less Stress Transport have filed amended answers.[2] ECF Nos. 15 & 16.

On August 3, 2026, FAP filed a motion to dismiss the complaint. ECF No. 19. Plaintiff has filed an opposition, ECF No. 24, and FAP has filed a reply, ECF No. 27.

**Requests for Judicial Notice**

Both parties have filed a request for judicial notice. ECF Nos. 20 & 23. While a court generally does not consider extrinsic evidence in deciding a motion brought under Rule 12(b)(6), a court may take judicial notice of matters of public record pursuant to Federal Rule of Evidence 201. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Specifically, a court "may judicially notice a fact that is not subject to reasonable dispute[.]" Fed. R. Evid. 201(b).

---

[1] The parties have consented to magistrate judge jurisdiction. ECF No. 22.

[2] The Estate of Jonathan Nemedez has not appeared in this action. Plaintiff represented that he "is still weighing whether to include and serve" this defendant. ECF No. 21 at 2.

FAP's request for judicial notice concerns two documents. First, FAP has provided the traffic crash report issued by the California Highway Patrol and asks the court to judicially notice that Less Stress Transport was "the owner of the semi-truck that Jonathan Nemedez was driving" and that HR Transportation was "the owner of the tanker trailer" that Nemedez was hauling. ECF No. 20 at 3. The traffic crash report identifies Less Stress Transport as the owner of the vehicle operated by Nemedez and HR Transportation as the owner of the tanker trailer. ECF No. 20-1 at 2, 4-5

In the complaint, plaintiff lists all three corporate defendants as the owner of the motor vehicle, without distinguishing between the tractor and the tanker trailer. ECF No. 1-2 at 6. However, in his opposition to FAP's motion, plaintiff does not argue that FAP owns either the tractor or the trailer. Instead, plaintiff asserts that, in the event that FAP's motion is granted, he seeks leave to amend to plead additional facts regarding "an exclusive business agreement for transportation services" between FAP and HR Transportation. ECF No. 24 at 7. The court finds that plaintiff does not contest that Less Stress Transport owned the tractor and HR Transportation owned the tanker trailer. As such, the court takes judicial notice of these facts.[3]

Second, FAP has provided the coroner report issued by the Nevada County Sherriff's Office and asks the court to judicially notice that Less Stress Transport employed Nemedez. ECF No. 20 at 3. The coroner report identifies Less Stress Transport as Nemedez's employer. ECF No. 20-2 at 3. In the complaint, plaintiff alleges that Less Stress Transport and HR Transportation were Nemedez's employers. ECF No. 1-2 at 6. However, in his opposition to FAP's motion, plaintiff does not dispute that Less Stress Transport was Nemedez's employer. The court therefore takes judicial notice of this fact.[4] To be sure, the court does not take judicial notice of any other fact in the traffic crash report or the coroner report.

---

[3] Less Stress Transportation has admitted that it owns the semi-truck tractor, and HR Transportation has admitted that it owns the tanker trailer. *See* ECF No. 15 ¶ 19; ECF No. 16 ¶ 19.

[4] Less Stress Transportation has admitted that it employed Nemedez, and HR Transportation has denied that it employed him. *See* ECF No. 15 ¶ 18; ECF No. 16 ¶ 18.

Plaintiff has filed a request for judicial notice of four documents: (1) a civil lawsuit filed in Nevada; (2) a family court lawsuit filed in Nevada; (3) Nemedez's criminal conviction; and (4) a toxicology report from Nemedez's autopsy. ECF No. 23 at 1-2. Plaintiff does not specify any particular facts as being proper for judicial notice.

FAP has filed an opposition to plaintiff's request. ECF No. 28. As FAP points out, "[o]n a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Lee v*, 250 F.3d at 690 (cleaned up). Consequently, neither lawsuit is appropriate for judicial notice of a fact therein. Moreover, as FAP observes, plaintiff has not shown that the toxicology report is properly subject to judicial notice. The Court of Appeals has held that "[i]t is improper to judicially notice a [document] when the substance of the [document] 'is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes.'" *Khoja v. Orexin Therapeutics, Inc.*, 899 F.3d 988, 1000 (9th Cir. 2018) (quoting *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011)). Plaintiff does not state what the court should judicially notice from the toxicology report, and he provides no assurances that there is but one interpretation from the report. Under these circumstances, the court declines to take judicial notice of any fact within the documents proffered by plaintiff.

Accordingly, FAP's request for judicial notice, ECF No. 20, is granted, and plaintiff's request for judicial notice, ECF No. 23, is denied.

**Legal Standard**

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible." *Id.* at 683. Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

**Discussion**

The complaint fails to comply with Rule 8. Courts have described the Rule 8 standard as the "fair-notice" standard, which requires that a pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555. The complaint provides little to no factual allegations as to what FAP's role was in the underlying events. Plaintiff alleges that Nemedez drove a semi-truck "for the benefit of [FAP]" but does not plead any details to support that assertion. *See* ECF No. 1-2 at 7. Further, while plaintiff lists FAP as the operator and owner of the motor vehicle driven by Nemedez, plaintiff pleads no factual allegations to support that conclusion. *See id*. at 6. These allegations, taken together, are

insufficient to put FAP on notice of the grounds upon which plaintiff's claims against it rest. *See Twombly*, 550 U.S. at 555. As such, the complaint must be dismissed on this basis alone.

Plaintiff's claims against FAP independently fail. The first claim is for negligence involving a motor vehicle and the second claim is for negligence. ECF No. 1-2 at 6-7. "To prevail in an action for negligence, the plaintiff must demonstrate that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach proximately caused the plaintiff's injuries." *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1188 (2006). For a negligence claim involving a motor vehicle, the plaintiff must allege that the defendant "drove his car (1) negligently, as a (2) proximate result of which [the] plaintiff suffered (3) physical injury." *Dillon v. Legg*, 68 Cal. 2d 728, 733-34 (1968). California law provides that "[e]very owner of a motor vehicle is liable and responsible for death or injury to person or property resulting from a negligent or wrongful act or omission in the operation of the motor vehicle, in the business of the owner or otherwise, by any person using or operating the same with the permission, express or implied, of the owner." Cal. Veh. Code § 17150. Moreover, "[a] person injured by someone driving a car in the course of employment may sue not only the driver but that driver's employer. The employer can be sued on two legal theories based on tort principles: respondeat superior and negligent entrustment." *Diaz v. Carcamo*, 51 Cal. 4th 1148, 1151-52 (2011).

Here, plaintiff does not plausibly allege that FAP is an owner of the semi-truck or the tanker trailer for purposes of establishing liability. *See* Cal. Veh. Code § 17150. Rather, as established above, the court has judicially noticed that Less Stress Transport owned the semi-truck and HR Transportation owned the tanker trailer. Further, plaintiff does not allege that Nemedez was in FAP's employ when the accident occurred; instead, the court has judicially noticed that Less Stress Transportation was Nemedez's employer. *See* ECF No. 1-2 at 6. As such, plaintiff does not plausibly show that FAP is liable on the basis of respondeat superior or negligent entrustment. *See Diaz*, 51 Cal. 4th at 1151-52. Plaintiff therefore fails to state a negligence claim against FAP.

Plaintiff's final claim is for an unspecified intentional tort. ECF No. 1-2 at 8. Plaintiff has not identified a particular tort or legal authority to substantiate this claim. *See id*. Moreover,

plaintiff did not address this claim in his opposition. *See generally* ECF No. 24. As such, this claim must also be dismissed.

FAP also argues that plaintiff is barred from seeking damages for "loss of care, comfort companionship and society of" his son. ECF No. 19 at 23 (quoting ECF No. 1-2 at 5). While FAP is correct that "[t]he California Supreme Court has clearly ruled that no cause of action lies for loss of consortium between parent and child[,]" *Tullai v. Homan*, 195 Cal. App. 3d 1184, 1186 (1987), "California courts have uniformly allowed wrongful death recovery for loss of the society, comfort, care and protection afforded by the decedent[,]" *Krouse v. Graham*, 19 Cal. 3d 59, 67 (1977). Specifically, California courts have held that "[a] parent who sues for the wrongful death of his or her child may recover damages for the loss of that child's comfort and society, and subsequent protection which the child may afford to the parent, provided these elements are considered in reasonable relation to pecuniary loss." *Riley v. California Erectors, Inc.*, 36 Cal. App. 3d 29, 32 (1973). The court finds that these damages are properly pled.[5]

Lastly, FAP argues that the complaint should be dismissed with prejudice. The court disagrees. Plaintiff initiated this action in state court, which uses a different pleading standard. Plaintiff has not previously been put on notice of any pleading deficiency, and it is possible that he could remedy at least some of the above-identified deficiencies in an amended complaint; indeed, plaintiff has identified additional allegations that he would plead in an amended complaint as to the business relationship between FAP and HR Transportation. *See* ECF No. 24 at 7. As such, leave to amend is appropriate.

---

[5] In its motion, FAP argued that it cannot be compelled to pay punitive damages to plaintiff. ECF No. 19 at 22-23. However, as plaintiff pointed out in his opposition, plaintiff seeks punitive damages against only Less Stress Transport. *See* ECF No. 1-2 at 9. FAP did not address this issue in its reply. *See generally* ECF No. 27. Accordingly, FAP's argument is disregarded.

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. FAP's motion to dismiss, ECF No. 19, is GRANTED.

2. All of plaintiff's claims against FAP as set forth in the complaint, ECF No. 1-2 at 3-11, are DISMISSED with leave to amend.

3. Plaintiff may file an amended complaint within twenty-one days. Failure to do so will result in dismissal of FAP from this action.

IT IS SO ORDERED.

Dated: October 14, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE